UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-CV-01562-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Although Plaintiff alleges violations under section 1983, his claims against Defendants other than the District of Colombia should be raised under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

-1-

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.)

Plaintiff's September 15, 2011 Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## III. SUMMARY OF COMPLAINT

Plaintiff is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Lompoc, California. Plaintiff does not allege where he was housed when his rights were violated. Plaintiff apparently wants to sue the United States of America, the Federal Bureau of Prisons, the District of Columbia and the District of Columbia's Department of Corrections. He seeks to recover for unspecified deliberate indifference to mental illness caused by years in isolated confinement and Special Housing Unit ("SHU") segregation in violation of his civil rights. (Compl. P. 3, ECF No. 1.) He seeks $50,000,000 in damages. (Id.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Liability under section 1983 exists where a defendant "acting under the color of state law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens 403 U.S. at 397. To state a claim, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of state actor under section 1983 by federal actor under Bivens).

**B.   Federal Sovereign Immunity and Linkage**

Under the doctrine of federal sovereign immunity, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995). To the extent that federal officers are sued in their official capacity, such claims also are barred by the doctrine

of sovereign immunity. Gilbert v. DaCrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Although sovereign immunity does not bar damage actions against federal officials in their individual capacities, an individual may not be held liable in a Bivens action on the theory of respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

Plaintiff's claims against the United States and the Federal Bureau of Prisons can not proceed because these entities are immune from suit.

No individual defendant is identified or sued in this action. If Plaintiff amends, he must allege facts showing how individually named defendants caused or personally participated in causing the constitutional harm alleged in the amended complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); see also Samuel v. Michaud, 980 F.Supp. 1381, 1396 (D.Idaho 1996) ("A person deprives another of a constitutional right, within the meaning of Bivens, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978); see also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990) (respondeat superior theory of liability inapplicable to Bivens actions).

Additionally, Plaintiff is advised that, should he amend to seek money damages from federal government officers in their individual capacities, venue is not governed by 28 U.S.C. § 1391(e), but rather, by the provisions of § 1391(b), which permits venue only in the judicial district where the defendants reside or in which the claim arose. Stafford v. Briggs, 444 U.S. 527, 544 (1980); Pollack v. Meese, 737 F. Supp. 663, 665-66 (D.C. Cir. 1990).

### C. District of Columbia Liability and Linkage

The District of Columbia and its agencies may be sued as a municipality under section 1983. Best v. District of Columbia, 743 F.Supp. 44, 46 (D.D.C. 1990). However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). A local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

A local government unit can be held liable under section 1983 under three theories. First, where the implementation of official policies or established customs causes the constitutional injury. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010). Second, where acts or omissions causing the constitutional injury amount to official policy of the municipality. Id. at 1249. Finally, where an official has ratified the unconstitutional decision or action of an employee of the municipality. Id. at 1250. "A custom can be shown or a policy can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Pierce v. County of Orange, 526 F.3d 1190, 1211 (9th Cir. 2008).

A policy can be one of action or inaction and "is defined as 'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Waggy, 594 F.3d at 713 (quoting Monell, 436 U.S. at 589).

To find a municipality liable for a failure to act, the plaintiff must show that an employee of the municipality violated his constitutional rights, that the customs or policies of the municipality amount to deliberate indifference, and those "customs or policies were the moving force behind" the violation of plaintiff's constitutional rights. Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). For a custom or policy to be the moving force behind the constitutional violation, it must be "closely related to the ultimate injury." Long, 442 F.3d at 1190.

Plaintiff has failed to adequately allege municipal liability. The Complaint does not identify any specific policy, widespread practice, or ratified conduct that was the moving force behind the alleged violation.

The Court will grant Plaintiff an opportunity to amend. In order to state a claim against Defendant District of Columbia and its Department of Corrections, Plaintiff must allege truthful facts that demonstrate specific policies and practices resulting in deliberate indifference to Plaintiff as the moving force behind the alleged constitutional violation.

If Plaintiff amends to name individual District of Columbia actors, he must allege facts showing how each such defendants personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.

Id. at 1948–49.

### D. Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff.

Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

The Complaint alleges that, in 2009 Plaintiff was examined by a non-prison psychiatrist at the request of his federal defender (following an assault upon an officer at the U.S. Penitentiary in Atwater, California). (Compl. at 8-16.) The psychiatrist found Plaintiff to be suffering from Post Traumatic Stress Disorder and mental impact from confinement in isolation and recommended treatment. Plaintiff claims that he suffers "impairment of [his] mental functions and capabilities with systematic torture used while in custody", and that he has "never had any treatment or counsel for [his] mental illness condition." (Compl. at 3.)

Plaintiff fails to allege facts showing a "serious medical need" for Eighth Amendment purposes. "Serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment." Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D.Wis. 2005) (citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997)). The facts before the Court do not suggest a risk of significant injury, pain, or impact on Plaintiff's daily prison activities. Plaintiff was specifically informed the psychiatrist was examining him for forensic purposes at the request of Plaintiff's defense attorney and not as a treating psychiatrist. (Compl. at 8.) Plaintiff has not demonstrated the psychiatrist's treatment recommendations constitute a treatment mandate to Defendants by an authorized medical provider.

Nor are there facts showing that Defendants were aware of, or chargeable with knowledge of Plaintiff's criminal defense mental evaluation, or bound to follow the treatment recommendations in it. See Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (a prisoner must allege that prison officials actually drew the inference between the [medical condition] and a specific risk of harm). Plaintiff has no history of psychiatric hospitalizations, suicide attempts, psychotherapeutic treatments, or treatments with psychotropic medications. (Compl. at 9.) See Jackson v. Meachum, 699 F.2d 578, 583 (1st Cir. 1983) ("[to] make the Eighth Amendment a guarantor of a prison inmate's prior mental health ... would go measurably beyond what today would generally be deemed 'cruel and unusual').

Plaintiff fails to state a medical deliberate indifference claim against Defendants. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent response to that need on the part of each Defendant causing harm.

### E.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 5021 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff does not allege that he was denied the minimal civilized measure of life's necessities; rather, he alleges confinement in isolation and in the SHU violated his rights. He provides no facts relating to the circumstances, reasons for, nature and duration of this confinement and fails to show a serious deprivation or facts showing Defendants were aware of and disregarded an excessive risk to Plaintiff.

The Court will grant Plaintiff leave to amend. In order to state a cognizable claim, Plaintiff must allege conditions of confinement posing a substantial risk of serious harm, that each Defendant was aware of such serious risk, and each then deliberately disregarded that

risk.

### F.     Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff fails to identify a liberty interest which was not honored or protected in his case. He provides no facts relating to the circumstances, reasons for, nature and duration of this confinement. He provides no facts that demonstrate that he had a liberty interest in remaining free from confinement in isolation or the SHU. Being confined to one's cell does not necessarily rise to the level of atypical and significant hardship. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (7th Cir. 2010) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000)

(plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim based on denial of due process.

Further, even if Plaintiff had alleged the existence of a liberty interest, he has alleged no facts showing he was deprived of procedural due process protections due him.

The Court will grant Plaintiff leave to amend this claim. In order to state a cognizable claim, Plaintiff must allege sufficient facts showing, in accord with the guidance provided above : (1) that the deprivation he suffered was, objectively, sufficiently serious; (2) how each Defendant possessed a sufficiently culpable state of mind; and (3) that he suffered actual injury.

### G.     Relief for Mental or Emotional Injury

Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the absence of any allegation of facts showing actual injury, the Plaintiff also has failed to allege a claim which amounts to a constitutional violation. See e.g., White v. Simpson, 2005 WL 425264 (N.D.Tex. Feb. 22, 2005) ("Despite his conclusory and self-serving assertion that outdoor exercise is essential to preserve health, plaintiff did not suffer any physical injury due to the lack of recreation. Under these circumstances, there is no constitutional violation.").

## V. **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983 and under Bivens. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's

amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed September 15, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011). IT IS SO ORDERED.

Dated:  March 14, 2012        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

-14-