# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN, | CASE NO.    1:11-CV-01562-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 16) |
| UNITED STATES OF AMERICA, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |
| _____/ | |

## SECOND SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se filed this action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Compl., ECF No. 1.)

Plaintiff's Complaint was screened by the Court and dismissed for failure to state a claim, but Plaintiff was given leave to file an amended complaint. (Order Dismiss Compl.,

ECF No. 12.)

Plaintiff filed his First Amended Complaint on March 28, 2012 (First Am. Compl., ECF No. 16).  It is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Lompoc, California. In 2009 Plaintiff was examined by a criminal defense psychiatrist who issued a forensic opinion that Plaintiff suffered from a pyschotic condition of chronic post-traumatic stress syndrome and related mental illness exacerbated by years of isolated confinement and housing in the Segregated Housing Unit ("SHU").[1] (First Am. Compl. at 4, 8, 10.)

Plaintiff told Defendants, all U.S. Bureau of Prisons mental health professionals, of his underlying traumatic events; yet Defendants failed to properly diagnose and treat his serious mental condition in violation of his Eighth and Fourteenth Amendment rights. (Id.

---

[1] Plaintiff's First Amended Complaint attaches as an exhibit a 2009 forensic opinion by Dr. A.A. Howsepian, a psychiatrist retained by Plaintiff's defense in USA v. Brown, E.D. Cal. Case No. 1:08-cr-00347-LJO-1.

1   at 3, 7-11.)

2       He names the following Defendants (1) Kodger, Ph.D, Atwater USP, (2) Crago,

3   Ph.D, Atwater USP, (3) Fenche, Ph.D, Atwater USP, (4) Kennedy, Staff Psych., Atwater

4   USP, (5) Slate, Psych., Atwater, USP, (6) Mitchell, Psych., Allenwood, USP, (7) Duncan,

5   Psych., Atlanta USP, (8) Pinnix-Hall, Psch., Atlanta USP, (9) Ray, Staff Psych., Victorville

6   USP, (10) Jaszkowiak, Psych., Beaumont USP, (11) Freeman, M.A., Hazelton USP, (12)

7   Schlak, Psych., Edgefeild FCI. (Id. at 1, 3.)

8

9       He claims Defendants have caused him pain and suffering, further mental

10  impairment and wrongful conviction.[2] He seeks monetary damages. (Id. at 3.)

11  **IV.   ANALYSIS**

12      **A.   Pleading Requirements Generally**

13

14      A complaint must contain "a short and plain statement of the claim showing that the

15  pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not

16  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,

18  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff

19  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible

20  on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

21  committed misconduct and, while factual allegations are accepted as true, legal conclusions

22  are not. Id. at 1949–50.

23

24

25

26  _____

    [2] Regarding a state sentence imposed in May of 1998 for 1st degree murder. (First Am. Compl. at
27  11.)

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.[3]

## B.   Inadequate Mental Health Care

Plaintiff alleges Defendants were deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

This principle extends to an inmate's mental-health-care needs. Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990). Deliberate indifference by prison personnel to an inmate's serious mental-health-care-needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Id.

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439

---

[3] Bivens actions and actions under 42 U.S.C. § 1983 are identical save for replacement of state actor under § 1983 by federal actor under Bivens. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

-4-

F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332

(9th Cir. 1996).

Plaintiff does not allege sufficient facts upon which the Court could find a mental health condition sufficiently serious to satisfy the first element of deliberate indifference. The forensic criminal defense opinion of Dr. Howsepian attached to the First Amended Complaint is not sufficient. It provides a "diagnostic impression" of a condition and suggests its cause, but is unenlightening as to whether Plaintiff experiences symptoms or limitations or needs treatment.   See U.S. v. Kidder, 869 F.2d 1328, 1331, n.2 (9th Cir. 1989) (affidavit from psychiatrist that inmate suffers from post traumatic stress disorder and a showing of serious impairment of ability to function or serious threat to himself sufficient to show a serious mental disorder.)

The facts before the Court do not suggest a mental health diagnosis and health care mandate by a treating physician or any obvious mental condition requiring treatment.[4] See Foelker v. Outagamie County, 394 F.3d 510, 512 (7th Cir. 2005) ("A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (citing Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 765 (7th Cir. 2002)). Plaintiff presents  no history of psychiatric hospitalizations, suicide attempts, psychotherapeutic treatments, or treatments with psychotropic medications. (First Am. Compl., Ex. at 2.) Plaintiff alleges no facts plausibly suggesting a risk of significant injury, pain, or impact on his daily prison activities.

---

[4] "Serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment." Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D.Wis. 2005) (citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997)).

1
2
3
4
5
6
7
8
9

There being no allegation of a serious mental health need, the pleading will not support a claim that Defendants were deliberately indifferent to Plaintiff's mental health needs or acted in any medically unacceptable manner. The First Amended Complaint suggests the opposite; that Plaintiff was provided ongoing access to Defendants for mental health care. See King v. Frank, 371 F.Supp.2d 977, 985 (W.D. Wis. 2005) (no deliberate indifference where undisputed that plaintiff received regular mental health treatment.) Mere negligent failure to diagnose or treat a condition fails to state valid claim under the Eighth Amendment. Taylor v. Bowers, 966 F.2d 417, (8th Cir. 1992).

10
11
12
13
14
15
16
17
18

The care recommended by Plaintiff's criminal defense psychiatrist, Dr. Howsepian, as being in Plaintiff's "best interest" is not reflective of the only constitutionally acceptable treatment. Id. at 1331. See Jackson v. Meachum, 699 F.2d 578, 583 (1st Cir. 1983) ("[to] make the Eighth Amendment a guarantor of a prison inmate's prior mental health . . . would go measurably beyond what today would generally be deemed 'cruel and unusual'"). The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

19
20
21

Plaintiff fails to state a mental health care deliberate indifference claim against Defendants.

22
23
24
25

The Court will allow Plaintiff **one more** opportunity to amend to correct, if he truthfully can, the noted deficiencies. If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious mental health need, and (2) a deliberately indifferent response to that need on the part of each Defendant causing harm.

26

///////

27

-7-

C.   **Conditions of Confinement**

Plaintiff alleges that Defendants allowed him to be confined in isolation and the SHU and transferred to the general population without readjustment in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9.

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff fails to allege facts plausibly claiming that conditions of his confinement and transfer denied him the minimal civilized measure of life's necessities. He in essence reiterates his claim Defendants inadequately cared for his mental health needs. He alleges no facts relating to the circumstances, reasons for, nature and duration of his confinement and fails to show a serious deprivation. There is no federally protected right not to be placed in administrative segregation. Harris v. Roberts, 719 F.Supp. 879, 881 (N.D. Cal. 1989). "Placing a prisoner in [segregation] is not, in itself, cruel and unusual punishment." Doe v. Gustavus, 294 F.Supp.2d 1003, 1010 (E.D. Wis. 2003).

He also fails to allege facts plausibly claiming that Defendants were aware of and disregarded any excessive risk to him arising from his confinement and transfer. He relies solely on his deficient mental health care claim in this regard.

The Court will allow **one more** opportunity to amend to correct the noted deficiencies. In order to state a cognizable claim, Plaintiff must allege conditions of confinement posing a substantial risk of serious harm, that each Defendant was aware of such serious risk, and each then deliberately disregarded that risk. (Plaintiff may be better advised to focus his attentions  on his inadequate mental health care claim, if that is the basis upon which he seeks to recover from Defendants.)

### D.    Fourteenth Amendment

Plaintiff alleges Defendants disregard of his mental health needs subjected him to a wrongful murder conviction in violation of his due process rights.

-9-

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 877 (9th Cir. 1990)).

When seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487–88 (1994). Plaintiff has alleged no such facts. "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

1
2

Plaintiff may not at this time bring a civil rights action arising out of his allegedly wrongful conviction and continued incarceration.

3

Amendment of this claim at the present time would be futile and will not be granted.

4

### E.    Relief for Mental or Emotional Injury

5
6
7
8
9
10
11
12
13
14
15

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." See Oliver v. Keller, 289 F.3d 623, 627–29 (9th Cir. 2002) (allegations of severe and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in a fight not more than de minimis). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

16
17

If Plaintiff chooses to amend and brings a claim for mental or emotional injury he should include sufficient facts complying with the physical injury requirement.

18

## V.    CONCLUSION AND ORDER

19
20
21
22
23

Plaintiff's First Amended Complaint does not state a claim for relief under Bivens. The Court will grant Plaintiff **one final** opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

24
25
26
27

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949

(quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

///////

///////

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint, filed March 28, 2012,

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4       If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir.  2011).

IT IS SO ORDERED.

Dated:   May 1, 2012                        /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

-13-