IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:11-CV-01562-MJS (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A SECOND AMENDED COMPLAINT AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 25)<br><br>THIRTY-DAY DEADLINE |

I.      **PROCEDURAL HISTORY**

Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se filed this action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Compl., ECF No. 1.) Plaintiff's Complaint and First Amended Complaint were dismissed with leave to amend for failure to state a claim. (Orders Dismiss., ECF Nos. 12, 22.)

Now before the Court is Plaintiff's Motion for an Indefinite Extension of Time to File a Second Amended Complaint (Motion for Extension of Time, ECF No. 25) which

includes a Request for Appointment of Counsel. (Id.)

**II.     ANALYSIS**

    **A.     Extension of Time**

Plaintiff's seeks an indefinite extension of time to file his Second Amended Complaint, effectively staying this action, because he is housed in a Special Management Unit which includes lock-down and library access restrictions.

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). In considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

The Court finds that Plaintiff has not met his burden of showing that an indefinite stay of this action is necessary. Plaintiff has not alleged facts demonstrating an inability to prepare an amended pleading. Prejudice both to Defendants and the Court's management of its docket weighs against an indefinite stay. The Court has a vast caseload before it and can not allow this matter to be stayed indefinitely. Risk of prejudice to the Defendants, including potential proof complications and loss of evidence, also weighs against an indefinite stay; a presumption of injury arises from

delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

However, given Plaintiff's asserted housing and law library restrictions, the Court finds good cause for, and hereby GRANTS a thirty day extension of time to file a Second Amended Complaint.

### B.      Appointment of Counsel

Planitiff requests that the Court appoint counsel for him, citing a lack of both computer literacy and assistance in the law library.

Plaintiff does not have a constitutional right to appointed counsel in this action, Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1080). However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

In the present case, the Court does not find the required exceptional circumstances.[1] Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that

---

[1] Plaintiff's previous motion for appointment of counsel on similar grounds was denied by the Court. (Order Den. Appt. Counsel, ECF No. 8.)

1  Plaintiff is likely to succeed on the merits, and based on a review of the record in this
2  case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.
3  Plaintiff's Motion for Appointment of Counsel (ECF No. 25) is DENIED without
4  prejudice.

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Extension of Time (ECF NO. 25) is GRANTED IN PART such that Plaintiff shall within thirty days from the date of service of this order file a Second Amended Complaint, and DENIED IN PART as to Plaintiff's request for an indefinite stay, and

2. Plaintiff's Request for Appointment of Counsel (ECF No. 25) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 30, 2012                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE