# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN, | CASE NO. 1:11-CV-01562-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION |
| | (Doc. 27) |
| v. | ORDER DIRECTING CLERK'S OFFICE TO SEND CONSENT/DECLINE FORM TO PLAINTIFF |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se filed this action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Compl., ECF No. 1.) Plaintiff indicated his consent in writing to Magistrate Judge jurisdiction on November 28, 2011. (Consent, ECF No. 6.)

Before the Court is Plaintiff's June 1, 2012, motion seeking to withdraw his consent and for reconsideration by a district court judge. (Motion to Withdraw, ECF No. 27.)

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993); 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b). This matter has not yet been referred to the Magistrate Judge pursuant to section 636(c), and Plaintiff may simply file written

notice of his decline of Magistrate Judge jurisdiction. Plaintiff's motion is DENIED as premature on the ground that no referral has been made.

Beyond wanting to withdraw his consent, Plaintiff asks that the Magistrate Judge not handle any matters in this action. Plaintiff may not preclude Magistrate Judge involvementin matters falling under section 636(b). Those matters have been referred to the Magistrate Judge pursuant to Local Rule 302, and are not dependent upon Plaintiff's consent. Accordingly, Plaintiff's motion for the removal of the Magistrate Judge assigned to this case for any and all proceedings is DENIED.

Finally, to the extent Plaintiff seeks reconsideration of any order issued by the Magistrate Judge in this matter, such relief is DENIED. Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Here Plaintiff fails to identify any specific order from which he seeks relief, and fails to make any factual showing in support. Accordingly Plaintiff's motion for reconsideration is DENIED.

For the reasons set forth herein, Plaintiff's Motion to Withdraw (ECF No. 27) is hereby DENIED in its entirety, and the Clerk's Office shall send Plaintiff a consent/decline form.

IT IS SO ORDERED.

Dated:   June 4, 2012            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE