1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY BROWN,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA, et al.,

                    Defendants.

_____/

CASE No. 1:11-cv-01562-MJS (PC)

ORDER DENYING PLAINTIFF'S
MISCELLANEOUS MOTIONS

(ECF Nos. 46-48)

ORDER GRANTING PLAINTIFF'S MOTION
TO CLARIFY THIRD AMENDED
COMPLAINT

(ECF No. 50)

CLERK IS DIRECTED TO FILE THE
LODGED THIRD AMENDED COMPLAINT
AS THE FOURTH AMENDED COMPLAINT

(ECF No. 51)

I.    **PROCEDURAL HISTORY**

          Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se, filed this

action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

(ECF No. 1.) Plaintiff consented to the Magistrate Judge conducting any and all

proceedings in this action. (ECF No. 6.)

          Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 16)

-1-

1   were dismissed for failure to state a claim. (ECF Nos. 12, 22.) Plaintiff lodged a Second

2   Amended Complaint (ECF No. 34) and, with leave of the Court (ECF No. 37), filed a

3   Third Amended Complaint on September 24, 2012. (ECF No. 42.) Plaintiff filed a

4   motion for leave to amend, correct and clarify the Third Amended Complaint (ECF No.

5   43), which the Court denied on September 27, 2012. (ECF No. 44.) Plaintiff has now

6   filed the motions currently before the Court to add and amend supplemental complaint

7   (ECF No. 46), for reconsideration of unspecified rulings (ECF Nos. 47-48), and to clarify

8   third amended complaint. (ECF No. 50.) Plaintiff also, on October 17, 2012 lodged a

9   third amended complaint. (ECF No. 51.)

10  II.     **ANALYSIS**

11          A.      **Reconsideration Motions**

12          Plaintiff's motions for reconsideration of unspecified rulings shall be denied.

13          Rule 60(b)(6) allows the Court to relieve a party from an order for any reason

14  that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

15  prevent manifest injustice and is to be utilized only where extraordinary

16  circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The

17  moving party "must demonstrate both injury and circumstances beyond his control . . . ."

18  Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify

19  the motion or order in issue and when it was made, and show "what new or different

20  facts or circumstances are claimed to exist which did not exist or were not shown upon

21  such prior motion, or what other grounds exist for the motion."

22          "A motion for reconsideration should not be granted, absent highly unusual

23  circumstances, unless the . . . court is presented with newly discovered evidence,

24  committed clear error, or if there is an intervening change in the controlling law," Marlyn

25  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009),

26  and "[a] party seeking reconsideration must show more than a disagreement with the

27  [c]ourt's decision, and recapitulation . . ." of that which was already considered by the

28  court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111,

1    1131 (E.D. Cal. 2001).

2            Plaintiff fails to identify the specific motion(s) and order(s) of which he seeks

3    reconsideration. He may be seeking reconsideration of orders denying leave to amend

4    and supplement his Second Amended Complaint and Third Amended Complaint. (See

5    ECF Nos. 35, 37, 40, 41, 44.) This being so, he provides no new or different facts or

6    circumstances, or other grounds for the relief sought. The Court orders have repeatedly

7    instructed him why his practice of filing a pleading and concurrently filing a motion to

8    add to, amend and supplement that pleading is not acceptable. Amended pleadings

9    must be complete within themselves without reference to another pleading; partial

10   amendments are not permissible; all changed pleadings shall contain copies of all

11   exhibits referred to in the changed pleading. Local Rule 220. He has been liberally

12   afforded opportunities to clarify which pleading he desires to be operative, and to file

13   amended pleadings. Nothing before the Court suggests harm or prejudice.

14           His belief the Court may not have filed his Third Amended Complaint is incorrect.

15   The Third Amended Complaint (ECF No. 42) filed September 24, 2012 is the currently

16   operative pleading.

17           Plaintiff's apparent belief that the Court must screen the Second Amended

18   Complaint is likewise incorrect. The Second Amended Complaint has been superseded

19   by his September 24, 2012 filing of a Third Amended Complaint. Local Rule 220. He

20   was given the opportunity to either proceed on the Second Amended Complaint or file a

21   Third Amended Complaint. (ECF No. 35.) He filed a Third Amended Complaint. The

22   Second Amended Complaint is no longer before the Court.

23           Plaintiff provides no good cause for the relief he seeks, no evidence that he has

24   been or will be prejudiced in any measurable way if the relief is not granted, and

25   identifies no clear error or other meritorious grounds for relief from any order entered in

26   this action. He has shown no basis for granting a motion for reconsideration.

27       **B.    Motion to Amend**

28           Plaintiff's motion to add and amend supplemental complaint (ECF No. 46), which

the Court construes as a motion to amend and supplement the September 24, 2012

Third Amended Complaint with an unfiled purported September 19, 2011 amended

complaint in a prior federal criminal proceeding[1] is denied. For the reasons state above,

Plaintiff may not proceed upon a partial amendment or as to events preceding the filing

date of the Third Amended Complaint.

### C.   Motion to Clarify Lodged Third Amended Complaint

Plaintiff's motion to clarify (ECF No. 50) regarding a third amended complaint he

lodged with the Court on October 17, 2012 (ECF No. 51), construed as a motion for

leave to file a fourth amended complaint, shall be granted for good cause shown. The

Clerk is directed to file the lodged third amended complaint (ECF No. 51) as the fourth

amended complaint in this action.

### D.   Screening

The Court will treat Plaintiff's lodged third amended complaint (to be filed as the

fourth amended complaint) as his operative pleading and screen it in due course to see

if it states a plausible cognizable claim. No supplements, amendments or amended

complaints are to be filed until the Court screens the lodged third amended complaint

filed as the fourth amended complaint and determines whether the action may proceed

and to what extent.

### III.   ORDER

Accordingly, it is HEREBY ORDERED that:

1.   Plaintiff's motion to add and amend supplemental complaint (ECF No. 46)
     is DENIED,

2.   Plaintiff's motions for reconsideration (ECF No. 47-48) are DENIED,

3.   Plaintiff's motion to clarify (ECF No. 50) construed as a motion for leave to

---

[1] USA v. Joseph Brown, E.D. Cal. Case No. 1:08-cr-00347-LJO-1, wherein the court dismissed the indictment without prejudice on September 2, 2012; appeal dismissed for failure to pay fees on June 26, 2012. The Court notes that nothing in the purported amended complaint in the foregoing criminal proceeding appears to suggest the existence of new causes of action or defendants. At most, it may have some evidentiary value. Evidence need not be plead in the Complaint.

1   file the lodged third amended complaint (ECF No. 51) as the fourth

2   amended complaint is GRANTED, and

3   4.   The Court will screen Plaintiff's lodged third amended complaint (ECF No.

4   51) to be filed as the fourth amended complaint, in due course. No further

5   proposed supplements, amendments or amended complaints are to be

6   filed pending screening of the Third Amended Complaint by the Court.

7

8

9

10   IT IS SO ORDERED.

11   Dated:   October 23, 2012        /s/ *Michael J. Seng*

                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28