# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN, | CASE No. 1:11-cv-01562-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS |
| v. | (ECF Nos. 46-48) |
| UNITED STATES OF AMERICA, et al., | ORDER GRANTING PLAINTIFF'S MOTION TO CLARIFY THIRD AMENDED COMPLAINT |
| Defendants. | (ECF No. 50) |
| | CLERK IS DIRECTED TO FILE THE LODGED THIRD AMENDED COMPLAINT AS THE FOURTH AMENDED COMPLAINT |
| / | (ECF No. 51) |

## I. PROCEDURAL HISTORY

Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se, filed this action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (ECF No. 1.) Plaintiff consented to the Magistrate Judge conducting any and all proceedings in this action. (ECF No. 6.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 16)

-1-

were dismissed for failure to state a claim. (ECF Nos. 12, 22.) Plaintiff lodged a Second Amended Complaint (ECF No. 34) and, with leave of the Court (ECF No. 37), filed a Third Amended Complaint on September 24, 2012. (ECF No. 42.) Plaintiff filed a motion for leave to amend, correct and clarify the Third Amended Complaint (ECF No. 43), which the Court denied on September 27, 2012. (ECF No. 44.) Plaintiff has now filed the motions currently before the Court to add and amend supplemental complaint (ECF No. 46), for reconsideration of unspecified rulings (ECF Nos. 47-48), and to clarify third amended complaint. (ECF No. 50.) Plaintiff also, on October 17, 2012 lodged a third amended complaint. (ECF No. 51.)

## II. ANALYSIS

### A. Reconsideration Motions

Plaintiff's motions for reconsideration of unspecified rulings shall be denied.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111,

1131 (E.D. Cal. 2001).

Plaintiff fails to identify the specific motion(s) and order(s) of which he seeks reconsideration. He may be seeking reconsideration of orders denying leave to amend and supplement his Second Amended Complaint and Third Amended Complaint. (See ECF Nos. 35, 37, 40, 41, 44.) This being so, he provides no new or different facts or circumstances, or other grounds for the relief sought. The Court orders have repeatedly instructed him why his practice of filing a pleading and concurrently filing a motion to add to, amend and supplement that pleading is not acceptable. Amended pleadings must be complete within themselves without reference to another pleading; partial amendments are not permissible; all changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Local Rule 220. He has been liberally afforded opportunities to clarify which pleading he desires to be operative, and to file amended pleadings. Nothing before the Court suggests harm or prejudice.

His belief the Court may not have filed his Third Amended Complaint is incorrect. The Third Amended Complaint (ECF No. 42) filed September 24, 2012 is the currently operative pleading.

Plaintiff's apparent belief that the Court must screen the Second Amended Complaint is likewise incorrect. The Second Amended Complaint has been superseded by his September 24, 2012 filing of a Third Amended Complaint. Local Rule 220. He was given the opportunity to either proceed on the Second Amended Complaint or file a Third Amended Complaint. (ECF No. 35.) He filed a Third Amended Complaint. The Second Amended Complaint is no longer before the Court.

Plaintiff provides no good cause for the relief he seeks, no evidence that he has been or will be prejudiced in any measurable way if the relief is not granted, and identifies no clear error or other meritorious grounds for relief from any order entered in this action. He has shown no basis for granting a motion for reconsideration.

**B.    Motion to Amend**

Plaintiff's motion to add and amend supplemental complaint (ECF No. 46), which

the Court construes as a motion to amend and supplement the September 24, 2012 Third Amended Complaint with an unfiled purported September 19, 2011 amended complaint in a prior federal criminal proceeding[1] is denied. For the reasons state above, Plaintiff may not proceed upon a partial amendment or as to events preceding the filing date of the Third Amended Complaint.

### C. Motion to Clarify Lodged Third Amended Complaint

Plaintiff's motion to clarify (ECF No. 50) regarding a third amended complaint he lodged with the Court on October 17, 2012 (ECF No. 51), construed as a motion for leave to file a fourth amended complaint, shall be granted for good cause shown. The Clerk is directed to file the lodged third amended complaint (ECF No. 51) as the fourth amended complaint in this action.

### D. Screening

The Court will treat Plaintiff's lodged third amended complaint (to be filed as the fourth amended complaint) as his operative pleading and screen it in due course to see if it states a plausible cognizable claim. No supplements, amendments or amended complaints are to be filed until the Court screens the lodged third amended complaint filed as the fourth amended complaint and determines whether the action may proceed and to what extent.

## III. ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to add and amend supplemental complaint (ECF No. 46) is DENIED,

2. Plaintiff's motions for reconsideration (ECF No. 47-48) are DENIED,

3. Plaintiff's motion to clarify (ECF No. 50) construed as a motion for leave to

---

[1] USA v. Joseph Brown, E.D. Cal. Case No. 1:08-cr-00347-LJO-1, wherein the court dismissed the indictment without prejudice on September 2, 2012; appeal dismissed for failure to pay fees on June 26, 2012. The Court notes that nothing in the purported amended complaint in the foregoing criminal proceeding appears to suggest the existence of new causes of action or defendants. At most, it may have some evidentiary value. Evidence need not be plead in the Complaint.

file the lodged third amended complaint (ECF No. 51) as the fourth amended complaint is GRANTED, and

4. The Court will screen Plaintiff's lodged third amended complaint (ECF No. 51) to be filed as the fourth amended complaint, in due course. No further proposed supplements, amendments or amended complaints are to be filed pending screening of the Third Amended Complaint by the Court.

IT IS SO ORDERED.

Dated:   October 23, 2012         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE