1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN, | CASE No.    1:11-cv-01562-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | (ECF No. 53) |
| UNITED STATES OF AMERICA, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

**THIRD SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se, filed this action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (Consent, ECF No. 6.)

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff's Complaint was screened by the Court and dismissed for failure to state a claim, but Plaintiff was given leave to file an amended complaint. (Order Dismiss Compl., ECF No. 12.)

On March 28, 2012, Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 16) which the Court screened and dismissed, with leave to amend, for failure to state a claim. (Order Dismiss. First Am. Compl., ECF No. 22.) Plaintiff filed a Third Amended Complaint (Third Am. Compl., ECF No. 42) prior to screening of his lodged Second Amended Complaint. (Second Am. Compl., ECF No. 34.) He then lodged a Third Amended Complaint (Lodged Third Amended Complaint, ECF No. 51) prior to the screening of his previously filed Third Amended Complaint. The Court ordered the Lodged Third Amended Complaint be filed as the Fourth Amended Complaint. (Order Directing Clerk, ECF No. 52.) The Fourth Amended Complaint (Fourth Am. Compl., ECF No. 53) is now before the Court for screening.

II.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

-2-

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiff is in the custody of the Federal Bureau of Prisons ("FBP") at the United States Penitentiary in Lewisburg, Pennsylvania. He claims Defendants, mental health professionals at various FBP facilities, were deliberately indifferent and negligent as to his mental illnesses and denied him care and treatment.

In 2009, Plaintiff was examined by a non-FBP criminal defense psychiatrist who, according to Plaintiff, opined Plaintiff suffered from "a pyschotic condition of chronic post-traumatic stress disorder" exacerbated by years of isolated confinement and housing in the Segregated Housing Unit ("SHU").[1] (Fourth Am. Compl. at 3, 7-15.)

Plaintiff alleges that at unspecified times and at various FBP facilities he told Defendants of his underlying traumatic events. Nevertheless, Defendants failed to properly diagnose and treat his serious mental condition in violation of his Eighth and Fourteenth Amendment rights. (Id. at 3.)

He claims injuries that include flashbacks, nightmares, depression, sleeplessness, mood swings, amnesia, self-inflicting behavior, mental imbalance, suicidal thoughts, and

---

[1] Plaintiff's Fourth Amended Complaint, like his prior pleadings attaches as an exhibit a 2009 forensic opinion by Dr. A.A. Howsepian, a psychiatrist retained by Plaintiff's defense in <u>USA v. Brown</u>, E.D. Cal. Case No. 1:08-cr-00347-LJO-1.

impairment of mental functions. (Id.)

He names the following Defendants (1) Slate, Psy.D., Edgefield FCI, (2) Mitchell, Psy.D., Allenwood, USP, (3) Duncan, Psy.D., Atlanta USP, (4) Pinnix-Hall, Psy.D., Atlanta USP, (5) Jaszkowiak, Psy.D., Beaumont USP, (6) Schlak, Psy.D., Edgefield FCI, (7) Fernandez, Ph.D., Atlanta USP, (8) Oliver, Psy.D., Atlanta USP, (9) Hauser, Psy.D., Atlanta USP, (10) Ray, Psy.D., Victorville, USP, (11) Pacheco, Psy.D., Victorville USP, (12) Smith, Psy.D., Beaumont USP, (13) Grimm, Psy.D., Hazelton USP.[2] (Id.)

He seeks monetary compensation. (Id.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for

---

[2] The Fourth Amended Complaint lists in its caption, but not in Section III "Defendants": Crago, Psy.D., Atwater UPS; Kodger, Psy.D., Atwater USP; Fenche, Psy.D., Atwater USP; Kennedy, Psy.D, Herlong FCI. Plaintiff shall ensure all defendants are properly named in any amended pleading.

damages for violating the plaintiff's constitutional rights. See Bivens 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.[3]

### B.   Federal Rule of Civil Procedure 18(a)

"Fed. R. Civ. P. 18(a) [states that]: A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff's Fourth Amended Complaint alleges seemingly unrelated claims arising at each of the various FBP facilities referenced therein in violation of Rule 18(a).[4]

---

[3] Bivens actions and actions under 42 U.S.C. § 1983 are identical save for replacement of state actor under § 1983 by federal actor under Bivens. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

[4] Claims against prison personnel at different facilities are generally unrelated and Plaintiff alleges no basis to reasonably infer that the groups of claims are related.

-5-

The Court will review and discuss all of Plaintiff's claims and the law applicable thereto so that Plaintiff might evaluate which, if any, may and should be pursued here and which, if any, may and should be pursued in different action(s).

Plaintiff must file a separate complaint for each unrelated claim against different defendants. If he does not, all unrelated claims will be subject to dismissal.

### C.    Deliberate Indifference to Mental Health Needs

Plaintiff reiterates without augmentation the allegations in previous pleadings that Defendants were deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

This principle extends to an inmate's mental-health-care needs. Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990). Deliberate indifference by prison personnel to an inmate's serious mental-health-care-needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Id.

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439

F.3d at 1096, citing <u>McGuckin</u>, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), citing <u>Estelle</u>, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an

-7-

excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff again fails to allege facts upon which the Court could find a mental health condition sufficiently serious to satisfy the first element of a deliberate indifference claim. He alleges "a pyschotic condition of chronic post-traumatic stress disorder." Such a diagnosis could, in appropriate circumstances, suffice to satisfy the first prong of deliberate indifference. See e.g. U.S. v. Kidder, 869 F.2d 1328, 1331, n.2 (9th Cir. 1989) (affidavit from psychiatrist that inmate suffers from post traumatic stress disorder and a showing of serious impairment of ability to function or serious threat to himself sufficient to show a serious mental disorder.)

However, Plaintiff attaches to his pleading a copy of the forensic criminal defense opinion of Dr. Howsepian whose report suggests something less than a serious mental disorder. Specifically, Dr. Howsepian diagnosis  a chronic post traumatic stress disorder with schizotypal and antisocial traits and paranoia (Fourth Am. Compl. at 9-12), presenting some danger of Plaintiff hurting himself or others should he transition from isolation to the general population. Id. at 13-15. He does not appear to diagnose a psychosis.[5]

While post traumatic stress can lead to clinically significant distress or impairment of major domains of life,[6] no such condition is plead here. Plaintiff's mental condition

---

[5]  Psychosis is a serious mental disorder characterized by defective or lost contact with reality, often with hallucinations or delusions. Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/psychosis; see also American Psychiatric Association (1994) Diagnostic and Statistical Manual of Mental Disorders : DSM-IV- TR § 3 (4th ed. 2000).

[6]  Post Traumatic Stress Disorder is a psychological reaction that occurs after experiencing a highly stressing event that is usually characterized by depression, anxiety, flashbacks, recurrent nightmares, and avoidance of reminders of the event. Merriam-Webster Online Dictionary,

appears chronic and the degree of impairment unclear. Dr. Howsepian noted that his

cognitive examination of Plaintiff was "unremarkable, that Plaintiff was "alert, attentive,

oriented in all four spheres" (Compl. at 9), and "denying suicidal or homicidal ideation,

delusions, and hallucinations." Id. Though Plaintiff reported to Dr. Howsepian severe

trouble concentrating and extreme hyper vigilance, Id., the nature, frequency, severity, of

such symptoms and how they impact Plaintiff is unstated. Dr. Howsepian does not

describe any attendant history or findings suggesting the existence of a serious mental

impairment

Neither Dr. Howsepian's forensic impression nor anything else before the Court is

sufficient to enable the Court to conclude that Plaintiff experiences symptoms of mental

impairment limiting his ability to function in his major daily activities or that Plaintiff

requires prescribed treatment. The facts before the Court do not suggest a definitive

treatment mandate by a treating physician or any obvious mental condition requiring

treatment.[7] See Foelker v. Outagamie County, 394 F.3d 510, 512 (7th Cir. 2005), citing

Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 765 (7th Cir. 2002 ("[A] 'serious' medical

need is one that has been diagnosed by a physician as mandating treatment or one that

is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention.") Plaintiff has no history of psychiatric hospitalizations, suicide attempts,

http://www.merriam-webster.com/dictionary/post traumatic stress disorder; see also American Psychiatric Association (1994) Diagnostic and Statistical Manual of Mental Disorders : DSM-IV- TR § 3 (4th ed. 2000).

[7] "Serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment. Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D. Wis. 2005), citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

1

2 psychotherapeutic treatments, or treatments with psychotropic medications. (Fourth Am.
Compl. at 7-15.) Plaintiff's bare and broad allegations of unquantified flashbacks,

3 nightmares, depression, sleeplessness, mood swings, amnesia, self-inflicting behavior,

4 mental imbalance, suicidal thoughts, and unspecified impairment of mental functions are

5 not alone sufficient. His allegation that he suffers from "psychotic conditions" appears to

6 be speculative and based upon his own conjecture. Plaintiff fails to allege facts

7 suggesting a serious mental condition impacting his daily prison activities.

8

9      Even if Plaintiff had sufficiently alleged a serious mental health need, the Fourth

10 Amended Complaint contains no facts suggesting Defendants were deliberately

11 indifferent thereto or acted in any medically unacceptable manner. The Fourth Amended

12 Complaint suggests the opposite, i.e., that Plaintiff received ongoing access to mental

13 health care by Defendants. See King v. Frank, 371 F.Supp.2d 977, 985 (W.D. Wis.

14 2005) (no deliberate indifference where undisputed that plaintiff received regular mental

15 health treatment.) Mere negligent failure to diagnose or treat a condition fails to state

16 valid claim under the Eighth Amendment. Givens v. Jones, 900 F.2d 1229, 1231 (8th

17 Cir. 1990).

18

19      There are no facts suggesting that the care recommended by Dr. Howsepian as

20 being in Plaintiff's "best interest" reflects the only constitutionally acceptable treatment.

21 Kidder, 869 F.2d at 1331.

22

23      Plaintiff has failed to allege any facts suggesting his confinement at any time was

24 wanton, unnecessary, or disproportionate. See Jackson v. Meachum, 699 F.2d 578, 583

25 (1st Cir. 1983) ("[T]o accept plaintiff's proposition that there is a constitutional right to

26 preventive therapy where psychological deterioration threatens, notwithstanding that the

27

physical conditions of confinement clearly meet or exceed minimal standards, would make the Eighth Amendment a guarantor of a prison inmate's prior mental health. Such a view, however civilized, would go measurably beyond what today would generally be deemed cruel and unusual.") The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Accordingly, Plaintiff fails to state a deliberate indifference claim against Defendants. The Court will grant Plaintiff an opportunity to amend this claim. In order to state a cognizable claim for mental health care deliberate indifference in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the above noted elements as to named Defendants.

### D.   Negligent Mental Health Care

#### 1.   Federal Claim Presentation

Plaintiff, in his Fourth Amended Complaint alleges for the first time that Defendants were negligent in providing mental health care and treatment.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471, 477 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The United States is the only proper defendant in a suit brought pursuant to the

FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078. Nor is an agency a proper defendant under the FTCA. Craft, 157 F.3d at 706, citing Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977).

Under the FTCA a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim.[8] 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") Exhaustion must be affirmatively alleged in the Complaint. Bettis v. Blackstone, 2009 WL 2971364, *2 n.2 (E.D. Cal. Sept.11, 2009), citing Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

Plaintiff bears the burden of establishing jurisdiction under the FTCA. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). This Court lacks jurisdiction over such claims unless Plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. See Gillespie, 629 F.2d at 640 ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

Plaintiff fails to allege sufficient facts to enable the Court to determine whether he

---

[8] The agency denial requirement is satisfied when the claim is actually denied or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a).

has properly exhausted his federal administrative remedies. Plaintiff fails to enlighten as to where, when, how, and with what agency he filed a claim and any disposition thereof. Neither Plaintiff's filing of an inmate grievances with the Fresno County Jail (Fourth Am. Compl. at 4-6), nor his attachment of the 2009 forensic opinion of Dr. Howsepian is sufficient to satisfy the federal exhaustion requirement with respect to his FTCA claim. Thus the Court can not determine whether a proper and timely claim was filed with the proper agency (i.e., the Bureau of Prisons), or whether this suit was initiated within six months of the agency's denial.

Plaintiff's Fourth Amended Complaint fails to allege facts sufficient to suggest exhaustion of FTCA claim presentation requirements under the above standards.

2.    State Law Negligence

Plaintiff alleges Defendants were negligent in providing him with mental health care and treatment.

Even if Plaintiff had met the jurisdictional prerequisite of filing a timely federal claim, the Federal Tort Claims Act (FTCA) provides that:

> [T]he district courts . . .  shall have exclusive jurisdiction of
>
> civil actions on claims against the United States, for money
>
> damages . . .  for injury or loss of property, or personal injury
>
> or death caused by the negligent or wrongful act or omission
>
> of any employee of the Government while acting within the
>
> scope of his office or employment, under circumstances
>
> where the United States, if a private person, would be liable
>
> to the claimant in accordance with the law of the place where

-13-

1  the act or omission occurred.

2  28 U.S.C. § 1346(b). The FTCA also provides that the United States shall be liable for tort

3  claims "in the same manner and to the same extent as a private individual under like

4  circumstances." 28 U.S.C. § 2674. The FTCA contains a limited waiver of sovereign

5  immunity, making the federal government liable for certain torts of federal employees acting

6

7  within the scope of their employment.  United States v. Orleans, 425 U.S. 807, 814 (1976).

8      The FTCA includes officers and employees of "any federal agency" but expressly

9  excludes "any contractor with the United States."  28 U.S.C. § 2671. The "critical test for

10  distinguishing an agent from a contractor is the existence of federal authority to control and

11  supervise the detailed physical performance and day to day operations of the contractor."

12  Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993); Orleans, 425 U.S. at 814-15.

13

14      Plaintiff fails to allege facts sufficient to suggest negligence in accordance with the

15  laws of the places where the acts or omissions may have occurred. He names Defendants

16  from various federal prison facilities in various states. Nothing before the Court identifies

17  where, when and how the alleged negligence by Defendants took place and harm caused

18  thereby. The Court lacks information sufficient to analyze state tort liability under the FTCA.

19      Plaintiff does not allege facts suggesting Defendants were acting as officers or

20  employees of any federal agency.

21

22      Additionally, "[T]he United States is the only proper defendant in a [FTCA] action."

23  Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995), citing Woods v. United States,

24  720 F.2d 1451, 1452 n.1 (9th Cir. 1983). Plaintiff does not name the United States as a

25  defendant in his Fourth Amended Complaint.

26      "The FTCA is a limited waiver of sovereign immunity, authorizing suit against the

27

-14-

United States for tortious performance of governmental functions in limited cases,"

Bibeau v. Pacific Northwest Research Foundation, Inc., 339 F.3d 942, 945 (9th Cir.

2003), and the waiver "is strictly construed in favor of the sovereign . . . ." Craft, 157 F.3d

at 707.

In summary, Plaintiff has failed to allege facts of claim presentation and liability

sufficient for a cognizable negligence claim under the FTCA. The Court will allow an

opportunity to amend. If Plaintiff chooses to amend, he must set forth facts sufficient

under the above standards to claim negligence under the FTCA as against each of the

Defendants.

### E.    Relief for Mental or Emotional Injury

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be

brought by a prisoner confined in jail, prison, or other correctional facility, for mental and

emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de

minimis." See Oliver v. Keller, 289 F.3d 623, 627–29 (9th Cir. 2002) (allegations of severe

and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in

a fight not more than de minimis.) The physical injury requirement applies only to claims for

mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive

damages. Id. at 630.

If Plaintiff chooses to amend and brings a claim for mental or emotional injury he

should include sufficient facts complying with the physical injury requirement.

## V.    CONCLUSION AND ORDER

Plaintiff's Fourth Amended Complaint does not state a claim for relief under Bivens

-15-

or the FTCA. The Court will grant Plaintiff **one final opportunity** to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts state a cognizable claim under Bivens and the FTCA. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fifth Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level

. . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

      complaint form and (2) a copy of his Fourth Amended Complaint filed

      October 23, 2012,

2.    Plaintiff's Fourth Amended Complaint (ECF No. 53) is dismissed for failure

      to state a claim upon which relief may be granted,

3.    Plaintiff shall file an amended complaint within thirty (30) days from service

      of this order, and

4.    If Plaintiff fails to file an amended complaint in compliance with this order,

      this action shall be dismissed, with prejudice, for failure to state a claim

      and failure to prosecute, subject to the "three strikes" provision set forth in

      28 U.S.C. § 1915(g). Silva v. Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir.

      2011).

IT IS SO ORDERED.

Dated:   November 28, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

-17-