1
2
3
4
5
6
7  UNITED STATES DISTRICT COURT

8  EASTERN DISTRICT OF CALIFORNIA

9

10  JOSEPH ANTHONY BROWN,                CASE No.     1:11-cv-01562-MJS (PC)

11                                       ORDER DISMISSING ACTION FOR
12              Plaintiff,               FAILURE TO STATE A CLAIM

13                                       (ECF No. 57)

14       v.                              DISMISSAL COUNTS AS A STRIKE
                                         PURSUANT TO 28 U.S.C. § 1915(g)
15  UNITED STATES OF AMERICA, et al.,
                                         CLERK TO CLOSE CASE
16              Defendants.

17  _____/

18

19

20

21                          **FOURTH SCREENING ORDER**

22  **I.      PROCEDURAL HISTORY**

23        Plaintiff Joseph Anthony Brown, a federal prisoner proceeding pro se, filed this

24  action on September 15, 2011 pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown

25  Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 1.)

26        Plaintiff's Complaint was dismissed by the Court for failure to state a claim, but he

27

-1-

was given leave to file an amended pleading. (ECF No. 12.) Plaintiff's First Amended Complaint and Fourth Amended Complaints likewise were dismissed, with leave to amend, for failure to state a claim.[1] (ECF Nos. 22, 54.) Plaintiff filed a Fifth Amended Complaint. (ECF No. 57). The Fifth Amended Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF FIFTH AMENDED COMPLAINT

Plaintiff names as Defendants (1) Slate, Psy.D., Edgefield FCI, (2) Mitchell, Psy.D., Allenwood, USP, (3) Jaszkowiak, Psy.D., Beaumont USP, (4) Schlak, Psy.D., Edgefield FCI, (5) Oliver, Psy.D., Atlanta USP, (6) Hauser, Psy.D., Atlanta USP, (7) Ray, Psy.D., Victorville, USP, (8) Pacheco, Psy.D., Victorville USP, (9) Smith, Psy.D., Beaumont USP, (10) Grimm, Psy.D., Hazelton USP.[2] (Id.)

---

[1] Plaintiff's Second Amended Complaint and Third Amended Complaint were superseded prior to screening.

[2] The Fifth Amended Complaint lists in its caption, but not in Section III "Defendants": Crago, Psy.D., Atwater UPS; Kodger, Psy.D., Atwater USP; Fenche, Psy.D., Atwater USP; Kennedy, Psy.D,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff claims he suffers post-traumatic stress disorder ("PTSD") as a result of traumatic events spanning some twenty years. He cites to a 2009 examination by a non-Federal Bureau of Prisons ("FBP") criminal defense psychiatrist who, according to Plaintiff, found "chronic and pyschotic" PTSD . (ECF 57 at § IV.)

Plaintiff told Defendants, mental health professionals at various FBP facilities, of the underlying traumatic events. Defendants deliberately and negligently failed to examine, diagnose and treat his resultant serious mental injuries which include flashbacks, nightmares, depression, sleeplessness, mood swings, amnesia, self-inflicting behavior, mental imbalance, suicidal thoughts, and impairment of mental functions.

As relief, Plaintiff seeks money damages.

IV.   **ANALYSIS**

A.   **Pleading Requirements Generally**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions

---

Herlong FCI; Duncan, Psy.D., Atlanta USP; Pinnix-Hall, Psy.D., Atlanta USP; Fernandez, Ph.D., Atlanta USP.

1

are not. Id. at 1949–50.

2

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for

3

damages for violating the plaintiff's constitutional rights. See Bivens 403 U.S. at 397. To

4

state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United

5

States was violated, and (2) that the alleged violation was committed by a federal actor.[3]

6

7

**B.     Deliberate Indifference to Mental Health Needs**

8

1.     Legal Standard

9

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

10

inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439

11

F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The

12

two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious

13

medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

14

15

further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the

16

defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096,

17

quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

18

Deliberate indifference is shown by "a purposeful act or failure to respond to a

19

prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439

20

21

F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the

22

Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named

23

defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer

24

v. Brennan, 511 U.S. 825, 837 (1994).

25

26

[3] Bivens actions and actions under 42 U.S.C. § 1983 are identical save for replacement of state actor under § 1983 by federal actor under Bivens. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

27

-4-

1
2
3
4

This principle extends to an inmate's mental-health-care needs. Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990). Deliberate indifference by prison personnel to an inmate's serious mental-health-care-needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Id.

### 2.    No Serious Mental Health Care Need

5
6
7
8
9
10
11
12

Plaintiff reiterates without augmentation the allegations previously found insufficient to claim a serious mental health care need. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

13
14
15
16
17
18
19
20

The forensic criminal defense opinion of Dr. Howsepian (ECF No. 57 at 7-15) does not appear to diagnose Plaintiff with such a serious mental disorder. Dr. Howsepian, a non-treating psychiatrist who evaluated Plaintiff solely to form a criminal defense diagnostic impression, suggests a chronic post traumatic stress disorder with schizotypal and antisocial traits and paranoia (ECF No. 57 at 9-12), presenting some danger of Plaintiff hurting himself or others should he transition from isolation to the general population. Id. at 13-15. Dr. Howsepian does not appear to diagnose a psychosis.[4]

21
22
23
24

Dr. Howsepian noted his cognitive examination of Plaintiff was "unremarkable, that Plaintiff was "alert, attentive, oriented in all four spheres" (Id. at 9), and "denying suicidal or

25
26
27

---

[4]  Psychosis is a serious mental disorder characterized by defective or lost contact with reality, often with hallucinations or delusions. Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/psychosis; see also American Psychiatric Association (1994) Diagnostic and Statistical Manual of Mental Disorders : DSM-IV- TR § 3 (4th ed. 2000).

homicidal ideation, delusions, and hallucinations." Id. Though Plaintiff reported to Dr. Howsepian severe trouble concentrating and extreme hyper vigilance, Id., the nature, frequency, severity, of such symptoms and how they impact Plaintiff is unstated. Dr. Howsepian does not describe any attendant history or findings suggesting the existence of a serious mental impairment.

Plaintiff fails to allege facts suggesting clinically significant distress or impairment of major domains of life.[5]   Cf., U.S. v. Kidder, 869 F.2d 1328, 1331, n.2 (9th Cir. 1989) (affidavit from psychiatrist that inmate suffers from post traumatic stress disorder and a showing of serious impairment of ability to function or serious threat to himself sufficient to show a serious mental disorder).

Neither Dr. Howsepian's forensic impression or anything else before the Court is sufficient to enable the Court to conclude that Plaintiff experiences symptoms of mental impairment limiting his ability to function in his major daily activities or whether Plaintiff requires prescribed treatment. The facts before the Court do not suggest a definitive mental health diagnosis or treatment mandate by a treating physician or any obvious mental condition requiring treatment.[6]

Plaintiff has no history of psychiatric hospitalizations, suicide attempts,

---

[5] Post Traumatic Stress Disorder is a psychological reaction that occurs after experiencing a highly stressing event that is usually characterized by depression, anxiety, flashbacks, recurrent nightmares, and avoidance of reminders of the event. Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/post traumatic stress disorder; see also American Psychiatric Association (1994) Diagnostic and Statistical Manual of Mental Disorders : DSM-IV- TR § 3 (4th ed. 2000).

[6] "Serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment. Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D. Wis. 2005), citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

psychotherapeutic treatments, or treatments with psychotropic medications. (ECF No. 57 at 7-15.) His bare and broad allegations of unquantified flashbacks, nightmares, depression, sleeplessness, mood swings, amnesia, self-inflicting behavior, mental imbalance, suicidal thoughts, and unspecified impairment of mental functions are not alone sufficient to suggest a serious need for mental health care. His allegation that he suffers from "psychotic conditions" appears to be speculative and based upon his own conjecture.

Plaintiff fails to allege facts suggesting a serious mental health care need impacting his daily prison activities.

### 3.   No Deliberate Indifference

Even if Plaintiff had sufficiently alleged a serious mental health care need, he again fails  to allege facts suggesting Defendants were deliberately indifferent to such need or acted in any medically unacceptable manner. The Fifth Amended Complaint suggests the opposite, i.e., that Plaintiff received ongoing access to mental health care by Defendants. See King v. Frank, 371 F.Supp.2d 977, 985 (W.D. Wis. 2005) (no deliberate indifference where undisputed that plaintiff received regular mental health treatment). Mere negligent failure to diagnose or treat a condition fails to state valid claim under the Eighth Amendment. Givens v. Jones, 900 F.2d 1229, 1231 (8th Cir. 1990).

Significantly, Plaintiff fails to show the care recommended by Dr. Howsepian, as being in Plaintiff's "best interest" reflects the only constitutionally acceptable treatment. Kidder, 869 F.2d at 1331. Plaintiff does not otherwise state how and why the care and treatment provided by Defendants was deficient and what care and treatment should have been provided.

Nothing suggests a difference of opinion among the treating health care professionals or that Plaintiff's treatment fell below that which is medically acceptable. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (difference of opinion not actionable unless chosen treatment medically unacceptable).

Plaintiff is not entitled to preventative therapy based solely on the threat of psychological deterioration. Jackson v. Meachum, 699 F.2d 578, 583 (1st Cir. 1983). The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Plaintiff fails to state deliberate indifference by Defendants.

**C.    No Federal Tort Claims Act Negligence**

1.    Legal Standard

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471, 477 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

"The FTCA is a limited waiver of sovereign immunity, authorizing suit against the United States for tortious performance of governmental functions in limited cases," Bibeau v. Pacific Northwest Research Foundation, Inc., 339 F.3d 942, 945 (9th Cir. 2003), and the

-8-

waiver "is strictly construed in favor of the sovereign . . . ." FDIC v. Craft, 157 F.3d 697, 707 (9th Cir. 1998).

### 2.   No Proper Defendant Named

The United States is the only proper defendant in a suit brought pursuant to the FTCA. Craft, 157 F.3d at 706; Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078. Nor is an agency a proper defendant under the FTCA. Craft, 157 F.3d at 706, citing Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977).

The Fifth Amended Complaint does not name the United States as a defendant.

### 3.   No Claim Presentation

Under the FTCA a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim.[7] 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Exhaustion must be affirmatively alleged in the Complaint. Bettis v. Blackstone, 2009 WL 2971364, *2 at n.2 (E.D. Cal. Sept.11, 2009), citing Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

Plaintiff bears the burden of establishing jurisdiction under the FTCA. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). This Court lacks

---

[7] The agency denial requirement is satisfied when the claim is actually denied or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a).

jurisdiction over such claims unless Plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. See Gillespie, 629 F.2d at 640 ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."). A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

Plaintiff fails to allege sufficient facts to enable the Court to determine he has timely exhausted his federal administrative remedies. He claims the administrative remedy process is complete and explains he received "no response." (ECF No. 57 at § II.) However he fails to allege when he presented his FTCA claim, the basis for the claim, and agency to which he presented the claim.

Plaintiff was previously advised that neither his inmate grievances with the Fresno County Jail (ECF No. 57 at 4-6), nor the 2009 forensic opinion of Dr. Howsepian is sufficient to satisfy the federal exhaustion requirement with respect to his FTCA claim.

The Fifth Amended Complaint fails to allege facts sufficient to suggest exhaustion of FTCA claim presentation requirements.

    4.    No FTCA Negligence

The Federal Tort Claims Act (FTCA) provides that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . .  for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The FTCA also provides that the United States shall be liable for tort

claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA contains a limited waiver of sovereign immunity, making the federal government liable for certain torts of federal employees acting within the scope of their employment. United States v. Orleans, 425 U.S. 807, 814 (1976).

The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." 28 U.S.C. § 2671. The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the detailed physical performance and day to day operations of the contractor." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993); Orleans, 425 U.S. at 814-15.

Plaintiff fails to allege facts sufficient to suggest negligence in accordance with the laws of the places where the acts or omissions may have occurred. He names Defendants from various federal prison facilities in various states, but still fails to identify  where and when the alleged negligence by Defendants took place. The Court lacks information sufficient to analyze state tort liability under the FTCA.

Plaintiff does not allege facts suggesting Defendants were acting as officers or employees of any federal agency.

In summary, Plaintiff fails to allege facts of claim presentation and liability sufficient for a cognizable negligence claim under the FTCA.

D.    **No Relief for Merely Mental Injury**

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de

minimis." See Oliver v. Keller, 289 F.3d 623, 627–29 (9th Cir. 2002) (allegations of severe and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in a fight not more than de minimis).

Plaintiff claims solely a mental injury. He fails to allege facts complying with the physical injury requirement.

**V.   CONCLUSIONS AND ORDER**

Plaintiff's Fifth Amended Complaint does not state a claim for relief under Bivens or the FTCA. Plaintiff has repeatedly been advised in screening orders of the deficiencies in his claims and the required corrections, and having been afforded opportunities to correct has failed to do so.

The Court sees no useful purposes in allowing further amendment. Further leave to amend shall be denied.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.   Plaintiff's Fifth Amended Complaint (ECF No. 57) is DISMISSED for failure to state a claim, further amendment would be futile and is denied;

2.   This action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); Silva v. Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir. 2011); and

3.   Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   May 31, 2013                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE